# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| Daniel Keith McCoy (#111848), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 50303 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| | ) | |
| Alison Meason, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* ("FIP") [3] is denied without prejudice. Plaintiff's complaint is dismissed without prejudice. To proceed with this case, by December 14, 2016, Plaintiff must: (1) satisfy the filing fee requirement by submitting an updated IFP application or by prepaying the $400 fee, (2) submit an amended complaint in accordance with this order, and (3) provide the Court with current address information. Plaintiff's failure to comply will result in dismissal of this case. The Clerk of Court shall forward a blank IFP application and amended complaint form, along with a copy of this order, to the Winnebago County Sheriff's Office, which should forward this order to Plaintiff if his current address is known.

## STATEMENT

Plaintiff Daniel Keith McCoy, previously confined at the Winnebago County Jail and proceeding pro se, brings this 42 U.S.C. § 1983 civil rights action against four Winnebago County Assistant State's Attorneys and three Rockford police officers. Plaintiff alleges the following. On September 21 2015, his girlfriend called Rockford police while she was heavily intoxicated and reported a domestic battery. Officer Popielarczyk and two other Rockford officers (names unknown) responded and arrested Plaintiff, even though there were no signs of a physical altercation. Plaintiff bonded out of jail twelve days later. In March of 2016, Plaintiff was again arrested when he missed a court appearance. Plaintiff states his and his girlfriend's children were taken from their home due to a violation of a no-contact order. While incarcerated between March 22 and July 19, 2016, his charge was enhanced even though he had no prior domestic battery conviction; he was housed in segregation; and he was not allowed contact with family members. On July 19, 2016, the charge against him was dropped due to insufficient evidence (the basis of his incarceration in September of 2016 is unknown). Shortly after the charge was dropped, a Winnebago prosecutor allegedly called the Department of Children and Family Services and falsely accused Plaintiff of coercing his girlfriend not to testify.

Currently before this Court are Plaintiff's motion to proceed *in forma pauperis* and his complaint for initial review under 28 U.S.C. § 1915A. For the reasons stated herein, his IFP application is denied without prejudice and his complaint is dismissed without prejudice.

*Plaintiff's Request to Proceed In Forma Pauperis:*

Plaintiff initiated this suit while he was incarcerated. The Prison Litigation Reform Act ("PLRA"), which requires inmates to pay the full filing fee, thus applies. If a litigant is unable to prepay the filing fee, he must submit a completed IFP application so the Court can determine whether he qualifies as a pauper and assess an initial partial payment of the filing fee. *See* 28 U.S.C. § 1915(b)(1). If the litigant is released from incarceration after he files suit, he must submit an updated application to enable the Court to assess his ability to pay based upon his financial situation outside of prison. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). Winnebago County Jail records show that Plaintiff is no longer incarcerated. To proceed with this case, Plaintiff must submit another IFP application showing his ability to pay the filing fee as a non-prisoner. The Clerk of Court shall forward an IFP application form to Plaintiff. His failure to submit an updated, completed IFP application or prepay the $400 filing fee by the date stated above will result in dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e).

*Plaintiff's Complaint:*

In addition to satisfying the filing fee requirement, Plaintiff must submit an amended complaint to proceed with this case. Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen complaints filed by prisoners and litigants proceeding IFP and to dismiss the complaint, or any claim therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner complaints in the same manner they review ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Furthermore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

When reviewing the sufficiency of a complaint, courts "accept the well-pleaded facts in the complaint as true," *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013), "draw all

reasonable inferences from those facts in favor of the plaintiff," *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), and construe complaints filed by pro se litigants liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Although a pro se plaintiff's complaint is liberally construed and all reasonable inferences are viewed in his favor, if he pleads facts demonstrating he has no valid claim for relief, a court may dismiss the complaint. *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011).

Plaintiff does not specifically identify the claims he seeks to bring, but his allegations indicate he seeks to assert that he was falsely arrested and then maliciously prosecuted despite a lack of evidence to support the charge.

Plaintiff's allegations that he Winnebago County Assistant State's Attorneys prosecuted him even though there was insufficient evidence seek to bring claims against parties immune from suit. Prosecutors are absolutely immune from suits for damages arising from prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 130 (1997); *see also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (collecting cases). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Plaintiff's allegations—that the defendant prosecutors should not have filed and/or pursued a charge against him and should not have enhanced the charge—seek to hold the prosecutors liable for "initiating a prosecution and . . . presenting the State's case." *Imbler*, 424 U.S. at 431. Plaintiff's claims against the prosecutors are barred by absolute immunity.

The Court notes that Plaintiff also alleges that a prosecutor contacted DCFS shortly after charges were dropped and stated that Plaintiff coerced his girlfriend not to testify. However, there are no allegations as to the effect of such conduct, and the Court sees no constitutional claim from the alleged communication to support a § 1983 action.

As to Plaintiff's allegations about his arrests, he does not sufficiently state false arrest claims. Such a claim is based on an arrest unsupported by probable cause. "[I]f the arresting officer had probable cause to make the arrest for any reason," an arrestee may not claim false arrest. *Maniscalco v. Simon*, 712 F.3d 1139, 1144 (7th Cir. 2013); *Mustafa v. City of Chicago,* 442 F.3d 544, 547 (7th Cir.2006) ("Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest[.]"). Probable cause exists if "at the time of the arrest, the facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013) (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir.2009), quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

Plaintiff's complaint does not state, nor do his allegations infer, that his arrests were unsupported by probable cause. As to the March of 2016 arrest, Plaintiff acknowledges that the arrest occurred after he missed an appearance. Courts routinely issue bench warrants "when an accused person or a subpoenaed witness fails to appear in court." *People v. Allibalogun*, 727 N.E.2d 633, 636 (Ill. App. 4th Dist. 2000) ("Such warrants are clearly valid and based on probable cause.") (citing *United States v. Evans*, 574 F.2d 352, 355 (6th Cir. 1978); *see also Calvin v. Sheriff of Will County*, 405 F. Supp. 2d 933, 941-42 (N.D. Ill. 2005) (Gettleman, J.) (the court addressed differences between a bench warrant and an arrest warrant to determine if a strip search could be conducted for the former, but the court acknowledged that both warrants allow for the arrest and detainment of the accused).

With respect to his September 21, 2015 arrest, Plaintiff states that his girlfriend, albeit while "heavily intoxicated," reported a domestic battery. Compl. at 5. Generally, "so long as a reasonably credible witness or victim informs the police that someone has committed ... a crime, the officers have probable cause to place the alleged culprit under arrest ..." *Woods v. City of Chicago*, 234 F.3d 979, 987 (7th Cir. 2000) (quoting *Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998)). Plaintiff does not state that a reasonable officer would have found the girlfriend's complaint incredible given her intoxication. An officer need not "balk at any story being told by an intoxicated person. Thus, the fact that [a witness] was intoxicated does not mean that everything she said must be discounted." *Riccio v. Riggle*, No. 03 C 7839, 2005 WL 1030211 at *6 (N.D. Ill. Mar. 23, 2005) (Brown, M.J.). Nor does Plaintiff's allegation that his girlfriend later recanted her complaint and told a prosecutor that "Plaintiff never touched her," *see* Compl. at 6, infer that the initial arrest was unsupported by probable cause. Plaintiff may have a claim of false arrest against the Rockford police officers, but his current allegations do not provide sufficient information to assert such a claim. "[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (same).

For the reasons discussed above, Plaintiff's complaint is dismissed without prejudice. Plaintiff must submit an amended complaint that sufficiently states a valid claim if he wishes to proceed with this case. An amended complaint must comport not only with Rule 8(a)(2), but also with Federal Rule of Civil Procedure 11, which provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff is advised that an amended pleading replaces the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint without reference to the original complaint. If the amended complaint is accepted, the Court will look only to that complaint when determining the claims and parties of this suit. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files.

The Clerk will mail Plaintiff an *in forma pauperis* application, an amended complaint form, instructions, and a copy of this order. Plaintiff's failure to fully comply with this order by the aforementioned date will result in summary dismissal of this case.

Date: November 14, 2016